# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO

**Civil Action No. _____**

**JOHN BAIN, Individually and for Others Similarly Situated,**

 **Plaintiff,**

**v.**

**MPC HOLDINGS, INC. D/B/A PLATTE RIVER INSPECTION SERVICES,**

 **Defendant.**

---

## ORIGINAL COLLECTIVE ACTION COMPLAINT
---

### SUMMARY

1. Plaintiff John Bain ("Bain") brings this lawsuit to recover unpaid overtime wages and other damages from Defendant MPC Holdings, Inc. d/b/a Platte River Inspection Services ("PRIS") under the Fair Labor Standards Act ("FLSA").

2. Bain worked for PRIS as an Inspector.

3. Bain and the Day Rate Inspectors (as defined below) regularly worked for PRIS in excess of forty (40) hours each week.

4. But PRIS never paid Bain and the Day Rate Inspectors overtime.

5. Instead of paying overtime as required by the FLSA, PRIS improperly paid Bain and the Day Rate Inspectors a flat amount for each day worked (a "day rate") without overtime compensation, which PRIS disguises as an hourly pay scheme.

6. PRIS never paid Bain or the Day Rate Inspectors a guaranteed salary.

7. This collective action seeks to recover the unpaid overtime wages and other damages owed to Bain and the Day Rate Inspectors.

## JURISDICTION & VENUE

8. This Court has original subject matter jurisdiction pursuant to 28 U.S.C. § 1331 because this action involves a federal question under the FLSA, 29 U.S.C. § 216(b).

9. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b)(1) because PRIS maintains its headquarters in this District.

10. Specifically, PRIS is headquartered in Berthoud, CO, which is in this District.

## PARTIES

11. Bain worked for PRIS as an Inspector from approximately January 2018 until July 2022.

12. During the relevant period, PRIS assigned Bain to work for its client, Discovery Natural Resources.

13. Throughout his employment, PRIS paid Bain a flat rate for each day worked regardless of the total hours worked in a day or week with no overtime ("day rate pay scheme").

14. Bain's consent to be a party plaintiff is attached as **Exhibit 1**.

15. Bain brings this action on behalf of himself and all other similarly situated PRIS Inspectors who were paid under PRIS's day rate pay scheme.

16. PRIS paid each of these workers a flat amount for each day worked and failed to pay them overtime for all hours that they worked in excess of 40 hours in a workweek in violation of the FLSA.

17. The collective of similarly situated employees or Day Rate Inspectors sought to be certified is defined as follows:

> **All current and former inspectors who worked for, or on behalf of, Platte River Inspection Services, who were assigned to work on any pipeline operated or managed by Discovery Natural Resources, and who were paid a day rate with no overtime at any time during the past 3 years ("Day Rate Inspectors" or "Putative Collective").[1]**

18. The Day Rate Inspectors can be readily ascertained from PRIS's records.

19. Defendant MPC Holdings, Inc. d/b/a Platte River Inspection Services is a Wyoming corporation headquartered in Berthoud, Colorado.

20. PRIS may be served with process by serving its registered agent: **Registered Agents, Inc., 30 N. Could Street, Suite R, Sheridan, Wyoming 82801.**

## COVERAGE UNDER THE FLSA

21. At all relevant times, PRIS was and is an employer within the meaning of the Section 3(d) of the FLSA, 29 U.S.C. § 203(d).

22. At all relevant times, PRIS was and is an enterprise within the meaning of Section 3(r) of the FLSA, 29 U.S.C. § 203(r).

23. At all relevant times, PRIS has been part of an enterprise engaged in commerce or in the production of goods for commerce within the meaning of section 3(s)(1) of the FLSA, 29 U.S.C. § 203(s)(1).

---

[1] The Putative Collective expressly excludes any individuals who previously opted into and settled their claims in *Morris v. MPC Holdings, Inc. d/b/a Platte River Inspections Services*, No. 1:20-CV-02840-CMA-NYM (D. Colo.).

24. At all relevant times, PRIS has, and has had, employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials (including tools, flashlights, smart phones/devices, badges, uniforms, computers, personal protection equipment, etc.) that have been moved in or produced for commerce.

25. In each of the past 3 years, PRIS's annual gross volume of sales has well exceeded $1,000,000 for at least the past 3 years.

26. At all relevant times, Bain and the Day Rate Inspectors were engaged in commerce or in the production of goods for commerce.

27. PRIS uniformly applied its policy of paying its Inspectors, including Bain and the Day Rate Inspectors, a day rate with no overtime compensation.

28. PRIS applied this policy regardless of any alleged individualized factors such as precise job position, job duties/responsibilities, client assignments, inspector type, or geographic location.

29. By paying its Inspectors a day rate with no overtime compensation, PRIS violated (and continues to violate) the FLSA's requirement to pay employees at 1 and ½ times their regular rates for hours worked in excess of 40 in a workweek.

30. As a result of this policy, Bain and the Day Rate Inspectors do not receive overtime as required by the FLSA.

31. PRIS's uniform compensation scheme of paying its Inspectors a day rate with no overtime compensation for weeks in which these workers work over 40 hours is, in of itself, a violation of the FLSA. 29 U.S.C. § 207(a) & (e).

## THE FACTS

32. PRIS provides inspection services to the oil and gas industry.

33. To complete its business objectives, Pris hires inspectors (including Bain and the Day Rate Inspectors) to perform pipeline inspection services to its clients, including Discovery Natural Resources.

34. As Inspectors, Bain and the Day Rate Inspectors primary duties include inspecting, observing, and testing the workmanship and materials for compliance with its clients' policies, procedures, plans, and specifications, as well as all applicable codes and regulations.

35. The job titles of these personnel include Construction Managers, Project Managers, Chief Inspectors, Facility Inspectors, AWS-CWI and CPWI Welding Inspectors, NACE Coating/Corrosion Inspectors, Utility Inspectors, Environmental Inspectors, Drafting and Design, Safety Personnel, and Horizontal Directional Drilling Inspectors.[2]

36. Many of these individuals worked for PRIS on a day rate basis (without overtime pay).

37. These workers make up the proposed collective of Day Rate Inspectors.

38. While exact job titles and job duties may differ, these employees are subjected to the same or similar illegal pay practices for similar work.

39. For example, Bain worked for PRIS as a Welding Inspector from approximately January 2018 until July 2022 in Texas, New Mexico, Colorado, and Utah.

---

[2] http://www.prinspection.com/more-info/?page_id=10 (last visited February 3, 2023).

5

40. During the relevant period, PRIS assigned Bain to work on pipelines operated by its client, Discovery Natural Resources.

41. Throughout his employment with PRIS, PRIS paid Bain on a day rate basis that PRIS disguised as an hourly + overtime pay plan.

42. Specifically, during his employment, PRIS pay Bain a day rate of $290 - $294/day worked, depending on the project PRIS assigned him to.

43. PRIS disguises its day rate pay scheme as hourly pay structure on Bain and the Day Rate Inspectors' pay records.

44. For example, in 2022, regardless of the number of hours Bain recorded, PRIS only paid him in increments of $290/day:



| Earnings | rate | hours | this period |
|---|---|---|---|
| Regular | 19.1509 | 40.00 | 766.04 |
| Overtime | 28.7263 | 1.00 | 28.73 |
| Other | | | 365.24 |
| Gross Pay | | | $1,160.01 |

| Earnings | rate | hours | this period |
|---|---|---|---|
| Regular | 19.1509 | 40.00 | 766.04 |
| Overtime | 28.7263 | 7.00 | 201.08 |
| Other | | | 192.88 |
| Gross Pay | | | $1,160.00 |

| Earnings | rate | hours | this period |
|---|---|---|---|
| Regular | 19.1509 | 40.00 | 766.04 |
| Overtime | 28.7263 | 4.00 | 114.91 |
| Other | | | 569.06 |
| Gross Pay | | | $1,450.01 |

| Earnings | rate | hours | this period |
|---|---|---|---|
| Regular | 19.1509 | 40.00 | 766.04 |
| Overtime | 28.7263 | 20.00 | 574.53 |
| Other | | | 109.44 |
| Gross Pay | | | $1,450.01 |

| Earnings | rate | hours | this period |
|---|---|---|---|
| Regular | 19.1509 | 40.00 | 766.04 |
| Overtime | 28.7263 | 19.00 | 545.80 |
| Other | | | 428.16 |
| Gross Pay | | | $1,740.00 |

| Earnings | rate | hours | this period |
|---|---|---|---|
| Regular | 19.1509 | 40.00 | 766.04 |
| Overtime | 28.7263 | 28.00 | 804.34 |
| Other | | | 169.63 |
| Gross Pay | | | $1,740.01 |

45.     Bain and the Day Rate Inspectors work for PRIS under its disguised day rate pay scheme.

46.     Bain and the Day Rate Inspectors do not receive a guaranteed salary, nor does PRIS guarantee Bain and the Day Rate Inspectors any certain amount of pay per workweek.

47.     Instead, PRIS only pays Bain and the Day Rate Inspectors an amount equal to the number of days worked times their respective day rates.

48.     Indeed, if Bain and the Day Rate Inspectors did not work, they did not get paid:



| Earnings | rate | hours | this period |
|---|---|---|---|
| Regular | | | |
| Overtime | | | |
| Other | | | |
| Gross Pay | | | $0.00 |

7

49. Bain and the Day Rate Inspectors' day rates do not increase when they work more than 40 hours in a workweek.

50. Bain and the Day Rate Inspectors do not receive overtime pay at when they work in excess of 40 hours.

51. This is despite Bain and the Day Rate Inspectors often working 12+ hours a day, for 5-7 days a week, for weeks at a time.

52. Although he typically worked 60+ hours/workweek, PRIS never paid Bain any overtime compensation.

53. Bain and the Day Rate Inspectors work in accordance with the schedule set by PRIS and/or its clients.

54. Bain's work schedule is typical of the Day Rate Inspectors.

55. PRIS knows Bain and the Day Rate Inspectors work for 12+ hours a day, for as many as 7 days a week.

56. PRIS's records reflect the fact that Bain and the Day Rate Inspectors regularly work far in excess of 40 hours in certain workweeks.

57. Rather than receiving time and half as required by the FLSA, PRIS pays Bain and the Day Rate Inspectors a day rate regardless of the number of hours they worked in a day or workweek, and even if they worked more than 40 hours in a workweek.

58. PRIS controls Bain and the Day Rate Inspectors' pay.

59. Likewise, PRIS controls all the significant or meaningful aspects of the job duties and inspection work Bain and the Day Rate Inspectors perform.

60. As Inspectors, Bain and the Day Rate Inspectors review construction documents, specifications, plans, policies, and procedures and apply well-defined, known industry and regulatory standards to ensure pipelines are constructed in accordance with PRIS's clients' criteria.

61. PRIS requires Bain and the Day Rate Inspectors to follow PRIS's and/or its clients' policies and procedures.

62. Bain and the Day Rate Inspectors' work must adhere to the quality standards put in place by PRIS and/or its clients.

63. Bain and the Day Rate Inspectors are not required to possess any unique or specialized skillset (other than that maintained by all other inspectors in their respective positions) to perform their job duties.

64. Indeed, the daily and weekly activities of Bain and the Day Rate Inspectors are routine and largely governed by standardized plans, procedures, and checklists created by PRIS and/or its clients.

65. Virtually every job function is predetermined by PRIS (or its clients), including the tools and equipment used at the job site, the data to compile, the schedule of work, and related work duties.

66. PRIS prohibits Bain and the Day Rate Inspectors from varying their job duties outside of the predetermined parameters and requires Bain and the Day Rate Inspectors to follow PRIS's (or its clients') policies, procedures, and directives.

67. PRIS exercises control over the hours and locations Bain and the Day Rate Inspectors work, the tools and equipment they use, the reports they provide, and the rates of pay they receive.

68. All of PRIS's Day Rate Inspectors perform similar inspection job duties and are subjected to the same or similar policies and procedures which dictate the day-to-day activities they perform.

69. Bain and the Day Rate Inspectors do not have the power to hire, fire, or discipline any employees.

70. Bain and the Day Rate Inspectors do not supervise other employees.

71. Bain's working relationship with PRIS is similar to that of the Day Rate Inspectors.

72. All of PRIS's Day Rate Inspectors work similar hours and are denied overtime as a result of the same illegal pay practice.

73. All of PRIS's Day Rate Inspectors work in excess of 40 hours each week and often work 60+ hours in a workweek.

74. PRIS uniformly denies Bain and the Day Rate Inspectors overtime for the hours they work in excess of 40 hours in a single workweek.

75. Bain and the Day Rate Inspectors are not employed on a salary basis.

76. Bain and the Day Rate Inspectors do not, and have never, received guaranteed weekly compensation from PRIS irrespective of the day worked (i.e., the only compensation they receive is the day rate they are assigned for all hours worked in a single day or week).

77. PRIS's policy of paying Bain and the Day Rate Inspectors a day rate with no overtime compensation violates the FLSA because it deprives Bain and the Day Rate Inspectors of overtime for the hours they work in excess of 40 hours in a single workweek.

78. PRIS knew Bain and the Day Rate Inspectors worked more than 40 hours in a week.

79. PRIS knowingly, willfully, and/or in reckless disregard carried out this illegal day rate pay plan that deprived Bain and the Day Rate Inspectors of overtime compensation in violation of the FLSA.

80. PRIS knew, or showed reckless disregard for whether, the Day Rate Inspectors were not exempt from the FLSA's overtime provisions.

81. Nonetheless, PRIS failed to pay Bain and the Day Rate Inspectors overtime.

82. PRIS has been sued before for its illegal day rate pay scheme that violates the FLSA. *See Morris v. MPC Holdings, Inc. d/b/a Platte River Inspection Services.*, No. 1:20-CV-02840 (D. Colo.).

83. PRIS's failure to pay overtime compensation to these employees was neither reasonable, nor was the decision not to pay these employees overtime made in good faith.

## COLLECTIVE ACTION ALLEGATIONS

84. Bain brings this claim as a collective action under the FLSA.

85. The Day Rate Inspectors were victimized by PRIS's day rate pay scheme, which is in willful violation of the FLSA.

86. Numerous other Day Rate Inspectors worked with Bain and indicated they were paid in the same manner (a day rate with no overtime) and performed similar work.

87. Based on his experiences with PRIS, Bain is aware that PRIS's illegal practices were imposed on the Day Rate Inspectors.

88. The Day Rate Inspectors are similarly situated in all relevant respects.

89. Even if their precise job duties might vary somewhat, these differences do not matter for the purposes of determining their entitlement to overtime.

90. The illegal day rate policy that PRIS imposes on Bain is likewise imposed on all Day Rate Inspectors.

91. Like Bain, the Day Rate Inspectors are similarly denied overtime when they work more than 40 hours per week.

92. The overtime owed to Bain and the Day Rate Inspectors will be calculated using the same records and using the same formula.

93. Bain's experiences are therefore typical of the experiences of the Day Rate Inspectors.

94. The specific job titles or precise job locations of the various members of the Putative Collective do not prevent collective treatment.

95. Bain has no interest contrary to, or in conflict with, the Day Rate Inspectors that would prevent collective treatment.

96. Like each Day Rate Inspector, Bain has an interest in obtaining the unpaid overtime wages owed under state and/or federal law.

97. A collective action, such as the instant one, is superior to other available means for fair and efficient adjudication of the lawsuit.

98. Absent a collective action, many Day Rate Inspectors will not obtain redress of their injuries, and PRIS will reap the unjust benefits of violating the FLSA.

99. Further, even if some of the Day Rate Inspectors could afford individual litigation against PRIS, it would be unduly burdensome to the judicial system.

100. Concentrating the litigation in one forum will promote judicial economy and parity among the claims of the Day Rate Inspectors, as well as provide judicial consistency.

101. Bain and the Day Rate Inspectors sustained damages arising out of PRIS's illegal and uniform day rate pay scheme.

102. Bain knows of no difficulty that will be encountered in the management of this litigation that would preclude its ability to go forward as a collective action.

103. Even if the issue of damages were somewhat individual in character, the damages can be calculated by reference to PRIS's records, and there is no detraction from the common nucleus of liability facts. Therefore, this issue does not preclude collective treatment.

104. Consistent with PRIS's illegal day rate policy, Bain and the Day Rate Inspectors were not paid the proper premium overtime compensation when they worked more than 40 hours in a workweek.

105. As part of their regular business practices, PRIS intentionally, willfully, and repeatedly applied its day rate pay to Bain and the Day Rate Inspectors in violation of the FLSA.

106. PRIS's illegal day rate policy deprived Bain and the Day Rate Inspectors of the premium overtime wages they are owed under federal law.

107. PRIS is aware, or should have been aware, that the FLSA required them to pay Bain and the Day Rate Inspectors overtime premiums for all hours worked in excess of 40 hours per workweek.

108. There are many similarly situated Day Rate Inspectors who have been denied overtime pay in violation of the FLSA who would benefit from the issuance of a court-supervised notice of this lawsuit and the opportunity to join it.

109. The other Day Rate Inspectors are known to PRIS, are readily identifiable, and/or can be determined by examining PRIS's business records.

## CAUSE OF ACTION
## VIOLATION OF THE FLSA

110. Bain incorporates all preceding allegations.

111. Bain brings his FLSA claim as a collective action under 29 U.S.C. § 216(b).

112. PRIS employed, or employs, Bain and the Day Rate Inspectors within the meaning of the FLSA.

113. By failing to pay Bain and the Day Rate Inspectors overtime when they worked in excess of 40 hours in a workweek, PRIS has violated, and is violating, Section 7 of the FLSA. *See* 29 U.S.C. § 207.

114. PRIS failed to pay Bain and the Day Rate Inspectors overtime at rates not less than 1 and ½ times their regular rates in violation of the FLSA.

115. Instead, PRIS paid Bain and the Day Rate Inspectors a day rate with no overtime.

116. PRIS knowingly, willfully, or in reckless disregard carried out this illegal pattern or practice of failing to pay the Day Rate Inspectors overtime compensation.

117. PRIS's failure to pay overtime compensation to these employees was neither reasonable, nor was the decision not to pay overtime made in good faith.

118. Accordingly, Bain and the Day Rate Inspectors are entitled to their unpaid overtime wages, an equal amount as liquidated damages, and attorney's fees and costs.

## JURY DEMAND

119. Bain demands a trial by jury.

## PRAYER

WHEREFORE, Bain individually, and on behalf of the Day Rate Inspectors, prays for the following relief:

    a. An order designating this lawsuit as a collective action and authorizing notice pursuant to 29 U.S.C. § 216(b) be sent to the Day Rate Inspectors allowing them to join this action by filing a written notice of consent;

    b. A judgment against PRIS awarding Bain and the Putative Members all their unpaid overtime compensation and an equal amount as liquidated damages;

c. Issuance of a declaratory judgment that the practices complained of in this Complaint are unlawful under the FLSA;

d. An order awarding attorneys' fees, costs, and expenses;

e. Pre- and post-judgment interest at the highest applicable rates; and

f. Such other and further relief as may be necessary and appropriate.

Respectfully submitted,

By: */s/ Michael A. Josephson*
**Michael A. Josephson**
Texas Bar No. 24014780
**Andrew W. Dunlap**
Texas Bar No. 24078444
**JOSEPHSON DUNLAP LLP**
11 Greenway Plaza, Suite 3050
Houston, Texas 77046
713-352-1100 – Telephone
713-352-3300 – Facsimile
mjosephson@mybackwages.com
adunlap@mybackwages.com

**AND**

**Richard J. (Rex) Burch**
Texas Bar No. 24001807
**BRUCKNER BURCH PLLC**
11 Greenway Plaza, Suite 3025
Houston, Texas 77046
713-877-8788 – Telephone
713-877-8065 – Facsimile
rburch@brucknerburch.com

**ATTORNEYS FOR PLAINTIFF & THE DAY RATE INSPECTORS**